## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CHG US Holdings LLC., *et al.*, | Case No. 25-10851 (MFW) |
| Debtors.[1] | Joint Administration Requested |

### MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO REDACT CERTAIN PERSONAL INFORMATION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Motion of Debtors for Entry of Interim and Final Orders Authorizing Debtors to Redact Certain Personal Information* (this "Motion"). This Motion is supported by the *Declaration of Steven Salm in Support of First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference. In further support of this Motion, the Debtors respectfully state as follows:

### RELIEF REQUESTED

1. By this Motion, and pursuant to sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code") and rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "Proposed Orders"), authorizing the Debtors to redact certain personal information from documents filed with the Court (as defined

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are as follows CHG US Holdings LLC (9685); PLANTA Bethesda LLC (5177); PLANTA Brooklyn LLC (4261); PLANTA SOHO LLC (5947); PLANTA Nomad LLC (2226); PLANTA DC LLC (7448); PLANTA P Street LLC (2713); PLANTA KROG LLC (6124); PLANTA Denver  LLC (1868); PLANTA WEHO LLC (2741); Planta West Palm Beach LLC (1752); PLANTA Miami Beach LLC (6454); PLANTA River North LLC (5587); PLANTA CocoWalk GP LLC (5347); PLANTA FLL LLC (6245); PLANTA Buckhead LLC (6467); PLANTA Brentwood LLC (7390);and  PLANTA Marina LLC (6511). The Debtors' mailing address is 850 Commerce Street, Miami Beach, FL 33139.

below) in the Chapter 11 Cases (including any Equity Holder List, Creditor Matrix, Schedule, or Statement (each as defined below)).

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of the Bankruptcy Code, and Bankruptcy Rules 1007 and 2002.

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5.      On May 12, 2025 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases in this Court by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed in these Chapter 11 Cases.

6.      Additional detail regarding the Debtors, their businesses, the events leading to commencement of these Chapter 11 Cases, and the facts and circumstances supporting the relief requested herein is set forth in the First Day Declaration and is incorporated herein by reference.

## **BASIS FOR RELIEF**

**Redaction of Certain Personal Information is Warranted.**

7.    Section 107(c) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing personal identifiable information ("PII"):

> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed in a case under this title.
>>
>> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

8.    Title 18 of the United States Code defines "means of identification" as:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, *including any—*
>
> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number . . . .

18 U.S.C. § 1028(d)(7) (emphasis added).

9.    While transparency is important to the judicial process, Congress recognized a counterbalancing interest in enacting section 107(c)(1) of the Bankruptcy Code:  the need to protect the identities and privacy of individuals who have dealings with debtors.  The language of both statutes cited above demonstrates Congress's desire for courts to have flexibility to protect

individuals' identities.  Section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" apart from "means of identification," and the definition of "means of identification" is itself a non-exhaustive list of personal information.  *See* 2 Collier on Bankruptcy P 107.04 (16th 2023).  Accordingly, although an individual creditor's home address is not explicitly enumerated as a "means of identification," it is nevertheless within the broad scope of section 107(c)(1)(B) of the Bankruptcy Code and should be protected to avoid risks of, among other things, identity theft, domestic violence, harassment, stalking, or phishing scams.[2]  *See* Hr'g Tr. at 37:25–38:5, *In re THG Holdings LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) [D.I. 180] ("I think [that the list in 18 U.S.C. § 1028(d) is] an inclusive list. It wouldn't seem to make much sense that I could order the names [of individuals] not to be disclosed, but [their] addresses had to be; that wouldn't make any sense to me.").

10.     Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re Nikola Corp.,* Case No. 25-10258 (TMH) (Bankr. D. Del. Feb. 20, 2025) [D.I. 54] (authorizing redaction of email addresses and home addresses of the Debtors' employees, equity holders, customers, board members and creditors who are individual persons); *In re Icon Aircraft, Inc.*, Case No. 24-10703 (CTG) (Bankr. D. Del. Apr. 5, 2024) [D.I. 51] (authorizing redaction of individual PII, including email addresses and home addresses); *In re Humanigen, Inc.*, Case No. 24-10003 (BLS) (Bankr. D. Del. Jan. 29, 2024) [D.I. 74] (authorizing same); *In re MVK Farmco LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Nov. 15, 2023) [D.I. 244]

---

[2]     This risk in relation to section 107(c)(1) of the Bankruptcy Code is not speculative and has manifested in chapter 11 cases. For example, as described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [D.I. 4], the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the case to track the employee at her new address, which had not been publicly available until then, forcing the employee to change addresses again. *See id.* In a more recent case, customers of a cryptocurrency company received phishing emails from purported legal advisors of the debtors. *See In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 30, 2022) [D.I. 1527].

(authorizing the debtors to redact the home and email addresses of natural persons on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the court); *In re Am. Physician Partners, LLC*, No. 23-11469 (BLS) (Bankr. D. Del. Oct. 27, 2023) [D.I. 295] (authorizing the debtors to anonymize or redact confidential information from the Creditor Matrix, equity holders list, Schedules and Statements, and any similar document); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) [D.I. 528] (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 1, 2022 [D.I. 97] (authorizing the debtors to redact personal information, including home address information, of individual creditors and interest holders listed on the creditor matrix, schedules and statements, or similar document filed with the court).

11.     Courts in this district have not only granted the requested relief but have also expounded on the importance of authorizing debtors to redact individual creditors' personal information, including home addresses.  In *Art Van Furniture*, Judge Sontchi overruled the objection of the U.S. Trustee to similar redaction relief proposed here, noting that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 11, 2020) [D.I. 82].[3] Judge Sontchi found that, "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious

---

[3]     Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [sic] scams. . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 4, 2019) [D.I. 112].  Judge Sontchi emphasized that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft." *Id.* at 45:25-46:2.

The Debtor reserves the right to supplement the record with respect to such risks insofar as they are not self-evident at this time.

relief." *Id.* at 25:13–16.  Similarly, in *Clover*, Judge Owens overruled the U.S. Trustee's objection, finding that "[t]he court can completely avoid contributing to the risk [of identity theft] by redacting" addresses.  Hr'g Tr. at 25:9–10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 24, 2020) [D.I. 146].  Judge Owens maintained that "it is common sense" that "names and/or addresses are a means of identification."  *Id.* 24:15–16.  When it comes to such information, Judge Owens noted that "there is, at best, a risk of identity theft and worse a risk if personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and . . . the claims agent's website."  *Id.* at 25:22–25.  Recognizing that "there is, of course, an important right of access" to information, Judge Owens acknowledged that courts "routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses."  *Id.* at 25:10–13.

12.     Finally, in *Forever 21*, Judge Gross overruled the U.S. Trustee's objection, finding that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [D.I. 605].  Judge Gross also found that it was not necessary to the effective administration of the debtors' estates to disclose the personal information of their stakeholders who are European Union member citizens due to the risk that debtors could be fined under the EU GDPR (as defined below) for unnecessary disclosures of personal information.  *See id.* at 62:16–22; *Balance Point LLC*, No. 1-11279 (JKS) (Bankr. D. Del. Nov. 2, 2021) (redacting both the names and addresses of current and former employees); *Secure Home Holdings LLC*, No. 21-10745 (JKS) (Bankr. D. Del. Apr. 27, 2021) [D.I. Nos. 6, 54] (redacting both the names and addresses of customers and employees); *WB Supply LLC*, No. 21-10729 (BLS) (Bankr. D. Del. Apr. 22, 2021) [D.I. Nos. 5, 28] (same); *PBS Brand*

*Co., LLC*, No. 20-13157 (JTD) (Bankr. D. Del. Jan. 26, 2021) [D.I. 183] (redacting both the names and addresses of individual creditors and employees).

13.     In this case, the interest in public access to judicial records and papers is outweighed by the risk of identity theft to individuals including, without limitation, employees, independent contractors, equity holders, customers, board members, and vendors who are individuals, whose personal information would otherwise be disclosed absent the relief sought herein.  *See In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733 (D. Del. 2018) (denying disclosure of personal information where "the risks of misuse and harm to individuals would greatly outweigh any value [such personal information] could possibly have"), *aff'd sub nom. In re A C & S Inc*, 775 F. App'x 78 (3d Cir. 2019).  Here, there is minimal, if any, benefit to the public of publishing PII of such individuals.  The public disclosure of PII would instead create an undue risk of identity theft for the affected individuals, as well as open the door to harassment and other potential significant risks to such individuals' safety and welfare.

14.     Recognizing the need for transparency, the Debtors propose that they provide an unredacted version of any document filed or to be filed with the Court in the Chapter 11 Cases (including the list of equity security holders (the "Equity Holder List"), creditor matrix (the "Creditor Matrix"), and any schedule of assets or liabilities (the "Schedules") or statement of financial affairs (the "Statements," together with the Schedules, collectively, the "Schedules and Statements")) only to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in the Chapter 11 Cases, (d) any party in interest upon a request to the Debtors (email being sufficient) that sets forth a reasonable basis for the request that is reasonably related to the Chapter 11 Cases, and (e) any party as ordered by the Court, subject to the restrictions of applicable privacy or data protection laws and regulations..   Furthermore, to the extent notice and/or service

by mail (as opposed to email) is required or requested, the Debtors will serve individuals at their personal home addresses, ensuring that each individual will receive the same notices in the Chapter 11 Cases as all other creditors without the unnecessary public disclosure of their home address. Finally, nothing in the Proposed Orders should (x) preclude a party in interest's right to file a motion requesting that the Court unseal information redacted in accordance with the Proposed Orders, or (y) waive or otherwise limit the service of any document upon, or the provision of any notice to, any individual whose personal information was sealed or redacted in accordance with the Proposed Orders.  Accordingly, the privacy concerns at issue here outweigh the interest in public access to judicial proceedings and support entry of the Proposed Orders.

15.    In light of the foregoing, the Debtors respectfully request that the Court permit the Debtors to redact personal information of any individual or other natural person from any document filed or to be filed with the Court in these Chapter 11 Cases (including any Equity Holder List, Creditor Matrix, Schedule, or Statement), as described herein, with unredacted copies to be provided in accordance with the Proposed Orders.  Without such relief, the Debtors would unnecessarily cause individuals to be more susceptible to identity theft and harassment or otherwise potentially jeopardize their safety by publishing their home addresses and email addresses.

**NOTICE**

16.    Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) counsel to Anchorage Illiquid Opportunities Master VI (B), L.P. (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Delaware Secretary of State; (vi) the Delaware Secretary of the Treasury; (vii) the Debtors' consolidated twenty (20) largest unsecured creditors on a consolidated basis; and (viii) all parties requesting notice pursuant to

Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submits that no other or further notice is necessary.

## **NO PRIOR REQUEST**

17.     No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Interim Order and the Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 12, 2025
        Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Michael J. Custer*
Joseph C. Barsalona II (No. 6102)
Michael J. Custer (No. 4843)
824 North Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 592-6496
Email: jbarsalona@pashmanstein.com
        mcuster@pashmanstein.com

-and-

Katherine R. Beilin (*pro hac vice* forthcoming)
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Email: kbeilin@pashmanstein.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**PROPOSED INTERIM ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| CHG US Holdings LLC., *et al.*, | Case No. 25-10851 (MFW) |
| Debtors.[1] | Jointly Administered |
| | **Re. D.I. _____** |

**INTERIM ORDER AUTHORIZING DEBTORS
TO REDACT CERTAIN PERSONAL INFORMATION**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order"), (i) authorizing the Debtors to redact certain personal information, and (ii) granting related relief; and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are as follows CHG US Holdings LLC (9685); PLANTA Bethesda LLC (5177); PLANTA Brooklyn LLC (4261); PLANTA SOHO LLC (5947); PLANTA Nomad LLC (2226); PLANTA DC LLC (7448); PLANTA P Street LLC (2713); PLANTA KROG LLC (6124); PLANTA Denver  LLC (1868); PLANTA WEHO LLC (2741); Planta West Palm Beach LLC (1752); PLANTA Miami Beach LLC (6454); PLANTA River North LLC (5587); PLANTA CocoWalk GP LLC (5347); PLANTA FLL LLC (6245); PLANTA Buckhead LLC (6467); PLANTA Brentwood LLC (7390);and  PLANTA Marina LLC (6511). The Debtors' mailing address is 850 Commerce Street, Miami Beach, FL 33139.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or First Day Declaration, as applicable.

1

this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AND DECREED THAT:**

1.      The Motion is **GRANTED** on an interim basis, as set forth herein.

2.      All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors are authorized to (a) redact the home addresses, telephone numbers and email addresses of individuals that are to be listed on the Equity Holder List, Creditor Matrix, claims register, affidavits of service, Schedules and Statements, or other documents filed with this Court, and (b) file (i) a redacted version of the Equity Holder List, Creditor Matrix and any other filings redacted pursuant to this Interim Order, and (ii) an unredacted version of the Equity Holder List, Creditor Matrix, and any other filings redacted pursuant to this Interim Order under seal.

4.      The unredacted version of the Equity Holder List, Creditor Matrix and any other filings redacted pursuant to this Interim Order shall remain under seal and not made available to anyone, except that copies shall be provided to (a) this Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in the Chapter 11 Cases, (d) any party in interest upon a request to the Debtors (email being sufficient) that sets forth a reasonable basis for the request that is reasonably related to the Chapter 11 Cases, and (e) any party as ordered by the Court, subject to the restrictions of applicable privacy or data protection laws and regulations.  The Debtors shall inform the U.S. Trustee and the Court after denying any request for an unredacted document pursuant to this Order.  Parties in interest may also seek to obtain an unredacted version of the

Creditor Matrix, claims register, affidavits of service, Schedules and Statements, and any other applicable filed documents upon motion and order of the Court.

5.      The Court will, and each other party receiving an unredacted version of the Creditor Matrix or the Equity Holder List shall, keep such information confidential.

6.      Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's PII is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose PII is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

7.      The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Interim Order.

8.      The final hearing (the "<u>Final Hearing</u>") to consider the entry order granting the relief requested in the Motion on a final basis (the "<u>Final Order</u>") shall be held on **_____ ____, 2025, at __:__ _.m. Prevailing Eastern Time.**

9.      Any objection to the entry of a Final Order granting the relief requested in the Motion shall be filed with the Court and served on the following parties **no later than 4:00 p.m. Prevailing Eastern Time on _____, 2025**, ((a) proposed counsel to the Debtors, Pashman Stein Walder Hayden, P.C., 824 North Market Street, Suite 800, Wilmington, Delaware, 19801, Attn: Joseph C. Barsalona II (jbarsalona@pashmanstein.com), Michael J. Custer (mcuster@pashmanstein.com), and Katherine R. Beilin  (kbeilin@pashmanstein.com), (b) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Jonathan W. Lipshie (Jon.Lipshie@usdoj.gov) (c) counsel to Anchorage Illiquid Opportunities Master VI (B), L.P.,

Morrison Foester LLP, 250 West 55th Street, New York, New York, 10019, Attn: Benjamin Butterfield (bbutterfield@mofo.com), and (d) counsel to any official committee appointed in the Chapter 11 Cases (the "Notice Parties").

10.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

**<u>EXHIBIT B</u>**

**PROPOSED FINAL ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| CHG US Holdings LLC., *et al.*, | Case No. 25-10851 (MFW) |
| Debtors.[1] | Jointly Administered |
| | **Re. D.I. _____** |

**FINAL ORDER AUTHORIZING DEBTORS TO**
**REDACT CERTAIN PERSONAL INFORMATION**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (i) authorizing the Debtors to redact certain personal information, and (ii) granting related relief; and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are as follows CHG US Holdings LLC (9685); PLANTA Bethesda LLC (5177); PLANTA Brooklyn LLC (4261); PLANTA SOHO LLC (5947); PLANTA Nomad LLC (2226); PLANTA DC LLC (7448); PLANTA P Street LLC (2713); PLANTA KROG LLC (6124); PLANTA Denver  LLC (1868); PLANTA WEHO LLC (2741); Planta West Palm Beach LLC (1752); PLANTA Miami Beach LLC (6454); PLANTA River North LLC (5587); PLANTA CocoWalk GP LLC (5347); PLANTA FLL LLC (6245); PLANTA Buckhead LLC (6467); PLANTA Brentwood LLC (7390);and  PLANTA Marina LLC (6511). The Debtors' mailing address is 850 Commerce Street, Miami Beach, FL 33139.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or First Day Declaration, as applicable.

heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AND DECREED THAT:**

1.     The Motion is **GRANTED** on a final basis, as set forth herein.

2.     All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.     The Debtors are authorized to (a) redact the home addresses, telephone numbers and the email addresses of individuals that are to be listed on the Equity Holder List, Creditor Matrix, claims register, affidavits of service, Schedules and Statements, or other documents filed with this Court, and (b) file (i) a redacted version of the Equity Holder List, Creditor Matrix, and any other filings redacted pursuant to this Interim Order, and (ii) an unredacted version of the Equity Holder List, Creditor Matrix, and any other filings redacted pursuant to this Interim Order under seal.

4.     The unredacted version of the Equity Holder List, Creditor Matrix, and any other filings redacted pursuant to this Interim Order shall remain under seal and not made available to anyone, except that copies shall be provided to (a) this Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in the Chapter 11 Cases, (d) any party in interest upon a request to the Debtors (email being sufficient) that sets forth a reasonable basis for the request that is reasonably related to the Chapter 11 Cases, and (e) any party as ordered by the Court, subject to the restrictions of applicable privacy or data protection laws and regulations.  The Debtors shall

2

inform the U.S. Trustee and the Court after denying any request for an unredacted document pursuant to this Order. Parties in interest may also seek to obtain an unredacted version of the Creditor Matrix, claims register, affidavits of service, Schedules and Statements, and any other applicable filed documents upon motion and order of the Court.

5.      The Court will, and each other party receiving an unredacted version of the Creditor Matrix or the Equity Holder List shall, keep such information confidential.

6.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's PII is sealed or redacted pursuant to this Final Order. Service of all documents and notices upon individuals whose PII is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

7.      The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.