# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CHG US Holdings LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10851 (MFW)<br><br>Jointly Administered<br><br>**Obj. Deadline: June 13, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: July 16, 2025 at 2:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF AN UNEXPIRED LEASE, EFFECTIVE AS OF MAY 31, 2025, (II) AUTHORIZING THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, EFFECTIVE AS OF MAY 31, 2025; AND (III) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS TO REJECT AN UNEXPIRED LEASE. ANY PARTY RECEIVING THIS MOTION SHOULD LOCATE ITS NAME AND THE UNEXPIRED LEASE IDENTIFIED IN SCHEDULE 1 TO EXHIBIT A OF THIS MOTION.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, hereby move (the "Motion") the United States Bankruptcy Court for the District of Delaware (the "Court") for entry of an order pursuant to sections 105(a), 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) authorizing the rejection of an unexpired lease,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are as follows CHG US Holdings LLC (9685); PLANTA Bethesda LLC (5177); PLANTA Brooklyn LLC (4261); PLANTA SOHO LLC (5947); PLANTA Nomad LLC (2226); PLANTA DC LLC (7448); PLANTA P Street LLC (2713); PLANTA KROG LLC (6124); PLANTA Denver LLC (1868); PLANTA WEHO LLC (2741); Planta West Palm Beach LLC (1752); PLANTA Miami Beach LLC (6454); PLANTA River North LLC (5587); PLANTA CocoWalk GP LLC (5347); PLANTA FLL LLC (6245); PLANTA Buckhead LLC (6467); PLANTA Brentwood LLC (7390); and PLANTA Marina LLC (6511). The Debtors' mailing address is 850 Commerce Street, Miami Beach, FL 33139.

including any guaranties thereof and any amendments, modifications, or subleases thereto, for nonresidential real property (the "Lease") located at the corresponding premises set forth on Schedule 1 to the Proposed Order (the "Premises"), effective as of May 31, 2025 (the "Rejection Date"); (ii) authorizing the abandonment of certain personal property that may remain on the Premises (the "Personal Property"), effective as of the Rejection Date; and (iii) granting related relief. In support of this Motion, the Debtors incorporate by reference the *Declaration of Steven Salm in Support of First Day Relief* (the "First Day Declaration")[2] and respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 6007, and Local Rule 9013-1.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## BACKGROUND

4. On May 12, 2025 (the "Petition Date"), the Debtors commenced the above-captioned cases (these "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On May 23, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

6. Additional details regarding the Debtors, their businesses, the events leading to commencement of these Chapter 11 Cases, and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration and are incorporated herein by reference.

## UNEXPIRED LEASE TO BE REJECTED

7. The Debtors commenced these Chapter 11 Cases to reorganize their capital structure and position themselves for future success.

8. The Debtors have determined in their business judgment that the Lease to be rejected does not and will not provide a benefit to the Debtors' estates. On or prior to the Rejection Date, the Debtors will have ceased all operations at the Premises subject to the Lease to be rejected. Absent rejection of the Lease, the Debtors would be obligated to continue paying rent at such Premises despite having ceased operations and vacated the Premises. Moreover, in addition to their obligations to pay rent, the Debtors would be obligated under the Lease to pay certain taxes, utilities, insurance, and other related charges associated with the Premises.

9. In analyzing their unexpired leases, the Debtors have determined in their business judgment that the Lease is unnecessary, burdensome, and presently provides no benefit to the

Debtors' estates, and that the costs incurred by the Debtors in relation to the Lease constitute an unnecessary drain on the Debtors' already limited resources. The Debtors further submit that the they negotiated a prepetition agreement with the landlord for the Premises subject to the Lease to vacate the Premises on or before May 31, 2025. Accordingly, the Debtors seek to reject the Lease *nunc pro tunc* to the Rejection Date of May 31 2025, so as to avoid incurring further expenses associated therewith.

## **PERSONAL PROPERTY TO BE ABANDONED**

10. Any Personal Property located at the Premises that the Debtors have determined would provide value to the Debtors' estates will have been removed from the Premises on or prior to the Rejection Date. The Debtors have determined that (a) any remaining Personal Property at the Premises following the Rejection Date is of inconsequential value, or (b) the cost of removing and storing such Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates. The Personal Property will therefore remain on the Premises following the Rejection Date and its abandonment. As of the Rejection Date, the remaining Personal Property will no longer be necessary for the administration of the Debtors' estates, and any affected parties will have had ample notice of the Debtors' irrevocable and unequivocal surrender of the Personal Property remaining on the Premises as of the Rejection Date.

11. Accordingly, to reduce the Debtors' post-petition administrative expenses as much as possible, the Debtors believe that the proposed abandonment of the Personal Property remaining at the Premises after the Rejection Date is appropriate and is in the best interests of the Debtors, their estates, and their creditors.

## RELIEF REQUESTED

12. By this Motion, the Debtors respectfully request the entry of the Proposed Order: (i) authorizing the rejection of the Lease set forth on Schedule 1 thereto, effective as of the Rejection Date; (ii) authorizing the abandonment of Debtors' Personal Property remaining on the Premises following rejection effective as of the Rejection Date; and (iii) granting related relief.

## BASIS FOR RELIEF

**I. Rejection of the Lease effective as of the Rejection Date is appropriate and provides the Debtors with significant cost savings.**

13. Rejection of an unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nan Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and parties in interest, a court should approve the rejection under section 365(a). *See In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

14. The Debtors have determined in their business judgment that the Lease is not and will not be a source of value for the Debtors' estates or stakeholders going forward. The Debtors no longer intend to operate at the Premises subject to the Lease. As such, the Debtors' continuing obligations to pay post-petition rent, taxes, utilities, insurance, and other related charges under the Lease for the Premises exceed any potential value the Lease might present to the Debtors' estates, including any to be attained from an assignment of the Lease or sublease of the Premises.

Accordingly, the Debtors have determined that the Lease constitutes an unnecessary drain on their limited resources and submit that rejection of the Lease as of the Rejection Date reflects sound exercise of the Debtors' business judgment.

**II.     This Court should deem the Lease rejected as of the Rejection Date.**

15.     Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection . . . to apply retroactively").  Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

6

16. In *In re Namco Cybertainment, Inc.*, the Court stated that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises (and the keys thereto) were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was served on the landlord; (c) the official committee consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. *In re Namco Cybertainment, Inc.*, Case No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998); *compare TW, Inc. v. Angelastro (In re TW, Inc.)*, Case No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases *nunc pro tunc* to the petition date when the debtor had not surrendered possession prior to the petition date).

17. Here, the balance of equities favors rejection of the Lease effective as of the Rejection Date of May 31, 2025. Without such relief, the Debtors will potentially incur unnecessary administrative expenses related to agreements and property that will provide no further benefit to the Debtors' estates. *See* 11 U.S.C. § 365(d)(3). Further, the landlord to the Premises will not be unduly prejudiced if the rejection is deemed effective as of Rejection Date. Possession of the Premises was or will be delivered to the landlord of the Premises on or prior to the Rejection Date. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the landlord for the Premises, thereby allowing the landlord sufficient opportunity to respond, if it chooses to do so, prior to entry of the Proposed Order authorizing rejection effective as of the Rejection Date.

18. Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g., In re Danimer Scientific, Inc.,* No. 25-10518 (MFW) (Bankr. D. Del. Apr. 14, 2025) (authorizing rejection as of rejection date that preceded entry of order by approximately two weeks); *In re Coach USA, Inc., et al.,* No. 24-11258 (MFW) (Bankr. D. Del. Jan. 14, 2025)

(authorizing rejection as of rejection date that preceded entry of order by approximately two weeks); *In re Extraction Oil & Gas*, 622 B.R. 608, 631 (Bankr. D. Del. 2020) (authorizing the *nunc pro tunc* rejection of transportation services agreements); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Sept. 19, 2019) (authorizing rejection of unexpired leases and executory contract *nunc pro tunc* to the specific dates); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing rejection of unexpired leases *nunc pro tunc* to specified date); *In re Samson Resources Corporation*, No. 15-11934) (CSS) Bankr. D. Del. Sept. 2, 2016) (same); *In re Dex Media, Inc*. No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (authorizing rejection of unexpired leases and executory contracts *nunc pro tunc* to petition date).

19.     Accordingly, the Debtors respectfully submit that the Court should deem the Lease identified on Schedule 1 to the Proposed Order rejected effective as of the Rejection Date of May 31, 2025.

**III.     This Court should allow the Debtors to abandon any Personal Property remaining at the Premises following rejection as of the Rejection Date.**

20.     The abandonment of personal property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id*. Courts generally give a debtor in possession great deference to its decision to abandon property. *See, e.g.*, *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a

debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *See id*.

21. Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g.*, *In re Danimer Scientific, Inc.,* No. 25-10518 (MFW) (Bankr. D. Del. Apr. 14, 2025) (authorizing abandonment of remaining personal property as of rejection date); *In re Coach USA, Inc., et al.,* No. 24-11258 (MFW) (Bankr. D. Del. Jan. 14, 2025) (authorizing abandonment of remaining personal property as of rejection date); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Dec. 4, 2019) (authorizing the Debtors to abandon personal property in connection with rejection); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (same); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (same).

22. The Debtors have determined in their business judgment that the Personal Property remaining on the Premises following the Rejection Date is either of inconsequential value to the Debtors' estates, or that the cost of removing and storing such Personal Property for potential future use or liquidation exceeds its value to the Debtors' estates. The Debtors have also determined that the Personal Property is no longer necessary for the administration of the Debtors' estates.

23. Accordingly, in the exercise of the Debtors' sound business judgment, the Debtors believe that abandonment of the Personal Property following the Rejection Date is in the best interest of the Debtors, their estates, and their creditors.

## WAIVER OR BANKRUPTCY RULE 6004 REQUIREMENTS

24. Given the nature of the relief requested herein, the Debtors respectfully request a waiver of (i) the notice requirements under Bankruptcy Rule 6004(a), and (ii) the 14-day stay under Bankruptcy Rule 6004(h), to the extent that either rule is applicable.

## DEBTORS' RESERVATION OF RIGHTS

25. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of any of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection, or seek avoidance, of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NOTICE

26. This Motion will be served on: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to Anchorage Illiquid Opportunities Master VI (B), L.P.; (iii) counsel to the Committee; (iv) the lessor of the Premises listed on Schedule 1 to the Proposed

Order; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

27. The Debtors have not previously sought the relief requested herein from this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in this Motion, and (b) grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: May 30, 2025<br>Wilmington, Delaware | **PASHMAN STEIN WALDER HAYDEN, P.C.**<br><br>*/s/ Michael J. Custer*<br>Joseph C. Barsalona II (No. 6102)<br>Michael J. Custer (No. 4843)<br>824 North Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 592-6496<br>Email: jbarsalona@pashmanstein.com<br>　　　　mcuster@pashmanstein.com<br><br>-and-<br><br>David E. Sklar (admitted *pro hac vice*)<br>Katherine R. Beilin (admitted *pro hac vice*)<br>Court Plaza South, East Wing<br>21 Main Street, Suite 200<br>Hackensack, NJ 07601<br>Telephone: (201) 488-8200<br>Email: dsklar@pashmanstein.com<br>　　　　kbeilin@pashmanstein.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |