**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CHG US Holdings LLC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10851 (MFW)<br><br>Jointly Administered<br><br>**Re: D.I. \_\_\_\_** |

**ORDER (I) AUTHORIZING THE REJECTION OF AN UNEXPIRED LEASE, EFFECTVE AS OF MAY 31, 2025, (II) AUTHORIZING THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, EFFECTIVE AS OF MAY 31, 2025, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 6007, and Local Rule 9013-1: (i) authorizing the rejection of certain Lease for nonresidential real property located at the Premises set forth on **Schedule 1** attached hereto, effective as of May 31, 2025; (ii) authorizing the abandonment of certain Personal Property remaining on the Premises after rejection as of May 31, 2025; and (iii) granting related relief, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are as follows CHG US Holdings LLC (9685); PLANTA Bethesda LLC (5177); PLANTA Brooklyn LLC (4261); PLANTA SOHO LLC (5947); PLANTA Nomad LLC (2226); PLANTA DC LLC (7448); PLANTA P Street LLC (2713); PLANTA KROG LLC (6124); PLANTA Denver  LLC (1868); PLANTA WEHO LLC (2741); Planta West Palm Beach LLC (1752); PLANTA Miami Beach LLC (6454); PLANTA River North LLC (5587); PLANTA CocoWalk GP LLC (5347); PLANTA FLL LLC (6245); PLANTA Buckhead LLC (6467); PLANTA Brentwood LLC (7390); and PLANTA Marina LLC (6511). The Debtors' mailing address is 850 Commerce Street, Miami Beach, FL 33139.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having had the opportunity for a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The Lease set forth on **Schedule 1** attached hereto is rejected, including any guaranties thereof and any amendments, modifications, or subleases thereto, effective as of May 31, 2025.

3. Any claims arising as a result of or in relation to rejection of the Lease must be filed on or before the deadline established by the Court for filing proofs of claims in these cases for rejection damages. The Debtors reserve all rights to contest any such rejection damages claims, and to assert any and all related defenses or counterclaims thereto. If the Debtors have deposited monies with the counterparty to the Lease as a security deposit or other arrangement, such

counterparty may not setoff, recoup or otherwise apply such deposit without the prior authorization of the Court.

4. The Debtors reserve and do not waive any claims or causes of action that they may have against the counterparties to the Lease, whether or not such claims are related to or arise from such Lease.

5. The Debtors are authorized to abandon the Personal Property remaining on the Premises, effective as of May 31, 2025.

6. Any claims arising as a result of or in relation to Debtors' abandonment of the Personal Property must be filed on or before the deadline established by the Court for filing proofs of claims in this case for rejection damages.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against Debtors; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order of the Motion; (e) a request or authorization to assume any agreement, contract, lease, or sublease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any

particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

8. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract or lease pursuant to section 365 of the Bankruptcy Code.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order and in accordance with the Motion.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

## **Schedule 1**

Rejected Lease

1

| Debtor Lessee | Lease Counterparty | Counterparty Notice Address | Title and Date of Lease[1] |
|---|---|---|---|
| Planta Miami, LLC | Commerce Street Properties, LLC | Commerce Street Properties, LLC<br>1665 Washington Avenue, PH<br>Miami Beach, Florida 33139<br>Attn: Nelson Fox<br><br>*with a copy of all notices to:*<br>Jonathan D. Beloff, Esq.<br>Beloff Law, P.A.<br>1691 Michigan Ave., Ste. 360<br>Miami Beach, Florida 33139 | Lease for 850 Commerce Street, Miami Beach, Florida 33139<br><br>Lease dated July 27, 2017 |

---

[1] References to Lease described herein include all amendments, modifications, supplements, exhibits, and any other operative documents related to such Lease.

1